CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

2/18/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HERBERT SPARKS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:23-cv-00575 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By:  Hon. Thomas T. Cullen |
| JAIL AUTHORITY, ) | United States District Judge |
| ) | |
| Defendant. ) | |

Herbert Sparks, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority ("SWVRJA").[1] This matter is before the court on SWVRJA's motion to dismiss for failure to state a claim (ECF No. 17) and SWVRJA's motion for summary judgment (ECF No. 24). After review of the parties' submissions, the court will grant SWVRJA's motion to dismiss and deny its motion for summary judgment as moot.

## I.   STATEMENT OF FACTS

The facts are taken from Sparks's Second Amended Complaint ("SAC") and, for purposes of this motion, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences are drawn in favor of the plaintiff, *see Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009), and because Sparks is proceeding *pro se*, the allegations are construed "liberally" in his favor, *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023).

---

[1] Sparks is currently housed at Nottoway Correctional Center.

Sparks does not specify in the SAC why he is in prison, but he claims that he was attacked and beaten while housed in the "C-Block" of the SWVRJA Tazewell Facility. (Second Am. Compl. (hereinafter "SAC") at 2 [ECF No. 11].) Because he had been sleeping just before the attack, he could not identify his attacker, although he does claim it was an officer. He further alleges that, in order to "block out the light" to help him sleep, he was covered with his blanket and was wearing a blindfold at the time. (*Id.* at 3.) After the attack, Sparks was moved to Tazewell's "A-Block." (*Id.* at 2.) But upon his arrival there, he found that the other inmates already knew his name and the charges of which he had been convicted. (*Id.*) He alleges that one of the officers had told the inmates this information and, due to the nature of the charges, the other inmates in Tazewell's A-Block also wanted to attack him. (*Id.*) Consequently, he was transferred to SWVRJA's Abingdon Facility, where he was housed at the time he filed the SAC. (*Id.*) Sparks also alleges that an officer was fired several months prior for attacking an inmate, and that "the jail . . . has an issue with officers telling an inmates [sic] charges to other inmates," as had happened to him when he was moved to Tazewell's A-Block. (*Id.*)

Sparks first filed suit on September 6, 2023. (*See* Compl. [ECF No. 1].) On October 25, the magistrate judge determined that the initial complaint failed to state a claim under 42 U.S.C. § 1983 because it did not allege that "a *person* acting under color of state law" deprived Sparks of his rights. (ECF No. 7 at 1.) The magistrate judge instructed Sparks to file an amended complaint "specifically describing how each person violated his federal rights" if he wished to proceed with the case. (*Id.* (emphasis omitted).)

Sparks filed his first amended complaint on November 27, 2023, naming "Unknown (Jail)" as the sole defendant. (*See* Am. Compl. [ECF No. 8].) On April 8, 2024, the magistrate judge determined that the first amended complaint still failed to state a claim because "[a] jail is not a 'person' subject to suit under § 1983," and again instructed Sparks to file an amended complaint if he wished to proceed. (ECF No. 9 at 1–2.)

Sparks filed his SAC on April 17, 2024, naming SWVRJA as the sole defendant. (*See* SAC at 1.) SWVRJA moved to dismiss on June 11, 2024, and moved for summary judgment on July 10, 2024. (*See* ECF Nos. 17, 24.) Both motions were fully briefed and are ripe for the court's disposition.

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III. ANALYSIS

Though the allegations in the SAC are markedly sparse, the court construes the SAC as alleging either that one or more SWVRJA officers subjected him to excessive force in violation of the Eighth Amendment, or that one or more SWVRJA officers failed to protect him from being harmed by other inmates in violation of the Eighth Amendment. To state an excessive-force claim, a plaintiff must allege that officers used force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see Thompson v. Virginia*, 878 F.3d 89, 99 (4th Cir. 2017). To state a failure-to-protect claim, a plaintiff must allege facts sufficient to satisfy two elements: (1) the plaintiff "must establish a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury,'" *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (quoting *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010)); and (2) the plaintiff must allege that prison officials had a "sufficiently culpable state of mind," which, in this context, means that officials acted with "deliberate indifference to inmate health or safety," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *see Danser*, 772 F.3d at 346–47.

Had Sparks been able to identify the officer or officers involved in the alleged attack, his allegations in the SAC may suffice to state a claim. But the SAC does not name an individual officer defendant, nor does it name an unknown officer as an individual "John Doe" defendant. *See Chidi Njoku v. Unknown Special Unit Staff*, No. 99-7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000) (per curiam) ("The designation of a John Doe defendant . . . is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery."). Without naming an individual defendant, Sparks cannot proceed with an individual-liability claim.

To impose liability on SWVRJA, Sparks must rely on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which permits suits against regional jail authorities if it is the implementation of their policies—official or unofficial—that results in the alleged constitutional deprivation. *See Hixson v. Hutcheson*, No. 5:17-cv-00032, 2018 WL 3715763, at *7 (W.D. Va. Aug. 3, 2018). An entity faces liability under *Monell* only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. An entity's policy includes "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Additionally, the duration and frequency of the officers' unconstitutional conduct must indicate that supervisory officials of the entity being sued "(1) had actual or constructive knowledge of the conduct and (2) failed to correct it due to their 'deliberate indifference.'" *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). "Sporadic or isolated

violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Id.* at 403 (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987).

The factual allegations in the SAC, without more, are not sufficient to state a claim under *Monell*. Even if the court were to construe Sparks's allegation that "the jail . . . has an issue with officers telling an inmates [*sic*] charges to other inmates" (SAC at 2) as sufficiently alleging that there was a broader practice to that effect among officers, there are no allegations as to the scope of that practice. Consequently, the SAC does not allege that this practice was "so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Nor is there any basis in Sparks's allegations for the court to infer that SWVRJA had actual or constructive knowledge of the officers' alleged practice. *See Owens*, 767 F.3d at 402–03. Therefore, the court concludes that, after three attempts, Sparks has failed to state a claim upon which relief can be granted and will grant SWVRJA's motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6).

Because the court grants SWVRJA's motion to dismiss and dismisses this case in its entirety, the court will deny SWVRJA's motion for summary judgment as moot.

### IV. CONCLUSION

For the foregoing reasons, SWVRJA's motion to dismiss is granted, Sparks's SAC is dismissed without prejudice, and SWVRJA's motion for summary judgment is denied as moot.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 19th day of February, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE